WINSTON BROTHERS COMPANY, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 59270. Promulgated January 24, 1934.

*Howe P. Cochran, Esq.*, for the petitioner.
*Bruce A. Low, Esq.*, for the respondent.

OPINION.

TRAMMELL: This is a proceeding for the redetermination of a deficiency in income tax for the year 1928 in the amount, of $21,092.54.

Three errors were assigned in the petition, but at the hearing petitioner waived two of the assignments, leaving for consideration here only the allegation that " The Commissioner erred in computing a profit on stock or a liquidation of $147,114.72," which allegation was denied by the respondent in his answer.

This proceeding was heard on March 9, 1933, and thereafter on August 23, 1933, the Board's first report was promulgated and published at 28 B.T.A. 1247. Pursuant thereto, decision in favor of the respondent was duly entered August 28, 1933. On September 13, 1933, the petitioner filed a motion for reconsideration, in which it sought to have our findings of fact modified and the decision reversed. In so far as it requested reconsideration of the case, the motion was granted, and the decision entered August 28, 1933, vacated and set aside.

All the facts in this case were stipulated by the parties. However, the stipulation consists in part of documents appended thereto as exhibits, and these exhibits record the transactions involved. The stipulation, together with the exhibits mentioned, is by reference here adopted in full as our findings of fact, and for convenience we set out hereinbelow only such facts as we consider material to a discussion of the issue presented.

The petitioner is a Minnesota corporation, with its principal office at Minneapolis. Prior to September 1, 1928, the petitioner owned 4,872 out of a total of 7,124 shares, or slightly more than 68 percent of the outstanding common stock of the Winston-Dear Co., and none of its preferred stock.

On July 27, 1928, notices of special meetings to be held on August 9, 1928, were sent to the common stockholders of the petitioner and of the Winston-Dear Co. The special meetings were called to con-

sider and vote on a proposed plan of reorganization of the petitioner and the Winston-Dear Co. by the exchange of all the properties of the latter corporation, subject to its liabilities, for common stock of the petitioner.

This plan of reorganization also contemplated the issuance by the petitioner of its preferred stock to the preferred stockholders of the Winston-Dear Co. for an equal amount of preferred stock of the latter company.

At the special meeting of the stockholders of both the petitioner and the Winston-Dear Co. on August 9, 1928, resolutions were adopted approving the proposed plan of reorganization and authorizing and directing the officers of each corporation to execute all instruments and to do all other things necessary and proper to render the plan of reorganization effective and to consummate the same.

The plan of reorganization contemplated the acquisition by the petitioner of all the business and assets of the Winston-Dear Co. as of December 1, 1928, subject to all of its liabilities and obligations, in exchange for 1,803 shares of common stock and 1,116 shares of preferred stock of the petitioner, and the immediate distribution of the stock so issued to the stockholders of the Winston-Dear Co., including the petitioner, as follows: The issuance to the preferred stockholders of the Winston-Dear Co. of an equal number of shares of the preferred stock of the petitioner, and the issuance to the common stockholders of the Winston-Dear Co., including the petitioner, of their pro rata share of the 1,803 shares of the common stock of the petitioner.

The resolution adopted by the stockholders of the Winston-Dear Co. further provided that, when and as the plan of reorganization should be consummated, the corporation should dissolve, and its officers were authorized to take all steps necessary to bring about the dissolution.

At the special meeting of the petitioner's stockholders a resolution was also adopted authorizing the issuance of 1,116 shares of its preferred stock to take up and in exchange for the same number of outstanding shares of the preferred stock of the Winston-Dear Co.

A contract and bill of sale was executed by both corporations on September 1, 1928, carrying out the plan of consolidation. On the same date a joint meeting of the stockholders of both corporations approved the contract and bill of sale.

On September 1, 1928, the petitioner acquired all the assets, subject to all the liabilities, of the Winston-Dear Co. in exchange for 1,803 shares of the petitioner's common stock and 1,116 shares of its preferred stock. The preferred stock of the petitioner was turned over to the preferred stockholders of the Winston-Dear Co., share for

share. The 1,803 shares of the petitioner's common stock issued to the Winston-Dear Co. for its assets were ratably distributed by the Winston-Dear Co. to its common stockholders immediately upon receipt.

As a part of the 1,803 shares of common stock so issued by the petitioner on September 1, 1928, it issued certificate No. 124, representing 1,232 shares, which certificate the petitioner received back as its pro rata portion of the distribution of the 1,803 shares. The minority stockholders of the Winston-Dear Co. received 571 shares of the petitioner's common stock as their pro rata portions of the distribution of the 1,803 shares. At the same time the stockholders of Winston-Dear Co., including the petitioner, surrendered or turned in their stock in that corporation and it was dissolved.

The minutes of the joint meeting of the stockholders of the Winston Brothers Co. and Winston-Dear Co. on September 6, 1928, record the fact that certificate No. 124 for 1,232 shares of common stock of the Winston Brothers Co., above mentioned, was received back by that company for cancellation as an offset to its account with the Winston-Dear Co.'s stock.

The petitioner's complaint in respect to our findings of fact, we think, is without merit, since the facts were stipulated by the parties and we have by reference adopted their stipulation in full and made it our findings of fact.

The issue here is based upon the respondent's determination that the petitioner derived a profit in the amount of $147,114.72 by way of a liquidating dividend received September 1, 1928, on the stock it owned in the Winston-Dear Co., and that such profit is recognizable for tax purposes under the provisions of section 112 of the Revenue Act of 1928. The petitioner makes no contention that respondent's computation of the gain is erroneous, nor that it did not in fact derive the amount of gain alleged, but takes the position that neither gain nor loss under the circumstances is recognizable under the provisions of section 112.

Section 112 of the Revenue Act of 1928, in subdivision (a), lays down the general rule that upon the sale or exchange of property the entire amount of the gain or loss shall be recognized, except as thereinafter provided. The exception relied upon by the petitioner here is embodied in subdivision (b) (3) of that section, which reads as follows:

(3) STOCK FOR STOCK ON REORGANIZATION.—No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization.

The petitioner takes the position that the facts of this case bring it squarely within the quoted provisions of the statute, since the

transaction admittedly was in pursuance of a plan of reorganization, both the petitioner and the Winston-Dear Co. being parties to the reorganization, and the petitioner exchanged the stock which it owned in the Winston-Dear Co. for shares of its own stock.

The respondent contends that the transaction whereby the petitioner acquired all the assets of the Winston-Dear Co. as of September 1, 1928, was a complete liquidation within the meaning of section 115 (c) of the 1928 Act, resulting in a taxable profit to the petitioner; or, in other words, that the petitioner has failed to bring itself within the nonrecognition provisions of the quoted statute, and that the transaction constituted a liquidating dividend taxable under section 115 (c).

Respondent argues that the substance of the transaction involved is that the petitioner issued 1,116 shares of its preferred stock, share for share, to the preferred stockholders of the Winston-Dear Co., and 571 shares of its common stock to the minority common stockholders of said company and received in liquidation the assets of the Winston-Dear Co. in return for the common stock of that company owned by the petitioner. While respondent concedes, as stipulated, that the petitioner issued certificate No. 124, representing 1,232 shares of its common stock, and delivered the certificate to the secretary of the Winston-Dear Co., who immediately turned it back to the petitioner for cancellation, it is argued that this action was nothing more than a mere device to escape tax on the gain realized by the petitioner. The effect of this argument is that we should look through the form to the substance of the transaction and regard it as constituting a liquidating dividend from which petitioner derived the admitted profit.

In the circumstances of this case, we think the rule invoked is not applicable. Any taxpayer is entitled to conduct his business or to carry out a transaction in such manner as to avoid tax liability if he may do so lawfully, and there is no suggestion that the transaction involved here was in any way in violation of law. It is also true that a group of individuals who elect to carry on a business enterprise in corporate form not only must suffer the disadvantages, but are entitled to the benefits which flow therefrom.

On reconsideration of this question it is our opinion that, since the petitioner exchanged the stock which it owned in the Winston-Dear Co. for shares of its own stock held by the latter company in pursuance of a plan of reorganization, to which reorganization both corporations were parties, the transaction comes within the express language of section 112 (b) (3), *supra*, and the profit derived is not recognizable for tax purposes.

Another question in this connection is suggested by the fact that stock certificate No. 124, issued by the petitioner as part of the

consideration paid for the assets of the Winston-Dear Co., was admittedly received back by the petitioner for cancellation, in pursuance of the general plan of reorganization, and since the stipulation of the parties shows that the transaction was carried out in accordance with such plan, we must assume that the certificate was canceled by the petitioner when so received back. This act of cancellation of its own stock definitely terminated the investment which the petitioner had in stock of the Winston-Dear Co., and which investment was continued in or represented by the shares of its own stock received upon the exchange, up to the moment of actual cancellation.

It is argued that if the petitioner did not derive recognizable gain from the exchange of the Winston-Dear stock for its own stock, it derived taxable gain immediately thereafter and as a part of the same transaction upon the coincidental cancellation of its stock which terminated its investment. We think, however, that a corporation can neither realize taxable gain nor sustain deductible loss from the mere cancellation of shares of its own stock. Such cancellation is not a " sale or other disposition " of such stock as is referred to in section 113. The ownership did not pass to others.

It has also been suggested that the issue in this case, in the last analysis, is whether a corporation may realize a taxable gain from dealing in its own stock. This question has been decided in the affirmative, under varying facts, in *Walville Lumber Co.* v. *Commissioner*, 35 Fed. (2d) 445; *Commissioner* v. *Woods Machine Co.*, 57 Fed. (2d) 635, certiorari denied, 287 U.S. 613; *Commissioner* v. *Boca Ciega Development Co.*, 66 Fed. (2d) 1004; *Houghton & Dutton Co.*, 26 B.T.A. 52.

Conceding, however, that a corporation may under certain circumstances derive gain or sustain loss from dealing in its own stock, and in this case it is admitted that there was a gain, such gain in this transaction is not taxable under section 112 (b) (3). The general rule as to the recognition of taxable gain or loss is not applicable when the facts in a case bring it under the above statutory provision.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*