## J. M. HARRISON, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 50594. Promulgated April 20, 1934.

*Paul L. Holden, Esq.*, for the petitioner.
*Harold Allen, Esq.*, for the respondent.

456

458

OPINION.

Adams: The petitioner, J. M. Harrison, Inc., in its income tax return reported the transaction between it and the Ross Industries Corporation as a tax-free exchange, and here contends that it constituted a reorganization and exchange of property by one corporation solely for stock in another corporation a party to the reorganization within the meaning of section 112 (i) (1) (A) and section 112 (b) (4) of the Revenue Act of 1928. (The pertinent paragraphs of the act are set out in the margin.[1])

The respondent contends that it was a sale upon which gain or loss shall be recognized.

---

[1] SEC. 22. GROSS INCOME.

(a) *General Definition.*—"Gross income" includes gains, profits and income derived from salaries, wages, or compensation for personal service of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent dividends, securities, or the trans-

The respondent urges that the transaction did not result in the acquisition by Ross Industries Corporation of actual property of petitioner as contemplated by section 112(i)(1) of the Revenue Act of 1928, and therefore fails to constitute a reorganization. He further urges that "it does not appear that a plan of reorganization existed."

Counsel for the respondent argues that the only things of value involved in the transactions by which the Ross Industries Corporation acquired the Harrison patents and the contracts to manufacture under them were the patents themselves, and that the petitioner on its books never assigned any value whatever to the contracts, which had cost it nothing. We are not impressed with this argument. In 1928 petitioner had been granted the exclusive license to manufacture, use, and sell within the United States and Canada, all the articles covered by these patents. Under the terms of the contract the license would expire March 1, 1930, but petitioner was given the option to renew it for a further period of three years upon notice to J. M. Harrison. The Ross Industries Corporation could not, therefore, use the patents for approximately four years after it acquired them, unless it also acquired the exclusive license held by petitioner. The fact that petitioner did not set up on its books as assets the license and contracts here in question is not controlling. They constituted its sole source of revenue, which in 1928 exceeded $33,000, and from January 1 to March 15, 1929, was more than $10,000. They were valuable assets at the time they were acquired by the Ross Industries Corporation, and constituted property as that term is used in the statute.

The facts bring this case clearly within the provisions of section 112(b)(4), provided there was a statutory reorganization to which J. M. Harrison, Inc., and the Ross Industries Corporation were parties, and provided further that such reorganization was accomplished *in pursuance of a plan of reorganization.*

A proper solution of the questions presented requires that we should determine first whether the facts show a statutory reorganiza-

action of any business carried on for gain or profit, or gains or profits and income derived from any source whatever.

SEC. 112. RECOGNITION OF GAIN OR LOSS.

(a) *General Rule.*—Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 111, shall be recognized, except as hereinafter provided in this section.

\* \* \* \* \* \* \*

(b) \* \* \* (4) \* \* \* No gain or loss shall be recognized if a corporation a party to a reorganization exchanges property, in pursuance of the plan of reorganization, solely for stock or securities in another corporation a party to the reorganization.

\* \* \* \* \* \* \*

(i) *Definition of reorganization.*—As used in this section and sections 113 and 115—

(1) The term "reorganization" means (A) a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation) \* \* \*.

tion. Section 112(i)(1) defines reorganization as being a merger or consolidation, and includes within the meaning of these terms the acquisition by one corporation of *substantially all the properties of another corporation.* The facts as found here do not bring this transaction within the definition of a consolidation as that term is used in the statute. We believe, however, that they show a merger as that term is defined in section 112(i)(1)(A), and a statutory reorganization was thereby effected. If they do not show a true merger, certainly they come within the holding of the Supreme Court in *Pinellas Ice & Cold Storage Co.* v. *Commissioner,* 287 U.S. 462, wherein the Court said that the statute undertook to expand the meaning of merger or consolidation so as to include some things which partake of the nature of a merger or consolidation, but rather beyond the ordinary and commonly accepted meanings of these words, so as to embrace circumstances difficult to delimit but which in strictness cannot be designated as either merger or consolidation.

We think this was such a merger as the Supreme Court had in mind in the opinion in the above cited case. A statutory reorganization was effected and both J. M. Harrison, Inc., and the Ross Industries Corporation were parties to such reorganization. As such, they are entitled to the benefits of the exemption provisions of section 112 of the Revenue Act, provided, however, that such reorganization was accomplished *in pursuance of a plan of reorganization.*

In our opinion, the statute requires that although the facts show an actual merger or consolidation, yet, if the parties did not intend to merge or consolidate and their dealings were not in pursuance of a plan having a merger or consolidation for its purpose, then, and in that event, a statutory reorganization was not accomplished.

This renders it necessary for us to examine as to whether what the parties actually did was done *in pursuance of a plan* to merge or consolidate as these terms are used in the statute.

On March 15, 1929, the president of J. M. Harrison, Inc., presented to that company's directors a proposal on the part of the Ross Industries Corporation to purchase a part of the assets of J. M. Harrison, Inc. The directors passed a resolution on that date looking to the acceptance of this proposal, in which they referred to the transaction as a merger with the Ross Industries Corporation. The language which they used in this resolution is not controlling as to the legal effect of what they did, but this must be determined from an examination of all the facts incident to the transaction. Following this action, on March 21, J. M. Harrison, Inc., and the Ross Industries Corporation entered into a contract providing for the exchange by J. M. Harrison, Inc., of substantially all of its properties for 1,000 shares of the preferred stock of the Ross Industries Corporation, and it was agreed in that contract that J. M. Harrison, Inc.,

would immediately dissolve, and this contract was executed by the parties. These transactions between the parties constituted a reorganization *in pursuance of a plan* to reorganize, and both J. M. Harrison, Inc., and the Ross Industries Corporation were parties to that plan. These facts meet the requirements of the statute that a reorganization, in order to bring it under the exemption provision of section 112, must be accomplished *in pursuance of a plan of reorganization.*

The situation presented here is very similar to that in the case of *Tulsa Oxygen Co.*, 18 B.T.A. 1283.

It is distinguishable from *Minnesota Tea Co.*, 28 B.T.A. 591, in that in that case the Minnesota Tea Co. did not agree to dissolve and continued as a going concern, and there was not such a merger as to constitute a statutory reorganization.

We find for petitioner on this issue.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

ARUNDELL and LEECH concur in the result.